**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ALVIN C. THOMPSON,**

    **Plaintiff,**

vs.                                                     **Case No. 4:13cv575-RH/CAS**

**RICHARD L. KNIGHT, et al.,**

    **Defendants.**

_____/

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate proceeding pro se, has filed an amended civil rights complaint, doc. 7, under 42 U.S.C. § 1983. Plaintiff's amended complaint has now been reviewed as required by 28 U.S.C. § 1915A.

Plaintiff has provided a lengthy listing of his prior litigation, yet it is not entirely accurate. Plaintiff states that he filed case number 3:12cv591-LC/CJK in this Court but voluntarily dismissed that case. That is generally correct. Plaintiff filed that case on December 17, 2012, and filed his notice of voluntary dismissal on November 25, 2013. Doc. 10. A report and recommendation is pending to accept Plaintiff's notice and close the case. Doc. 11 of that case.

Plaintiff also filed case number 3:13cv416-LC/EMT in this Court on July 22, 2013, and voluntarily dismissed it on September 23, 2013.  Docs. 4-8 of that case.  Plaintiff did not, however, list that case in the amended complaint.  Furthermore, while Plaintiff listed case number 3:11cv533-RV/EMT in the amended complaint, Plaintiff did not provide information such as the date it was filed (November 4, 2011).  Plaintiff has listed one case as having been dismissed as malicious and an abuse of the judicial process, case number 3:10cv74-MCR/CJK.[1]  Plaintiff lists another case by an erroneous number due to a typographical error, and a questionable page break separates the case from its reason for dismissal.  Plaintiff identifies the case as case number 3:10cv0049, but the proper number is 3:10cv409-MCR/MD.  This case must clearly be designated as a pre-service dismissal pursuant to § 1915(e)(2)(B) in response to Question D of the Court's complaint form and all information should be together to avoid confusion.  Plaintiff is cautioned again that failure to honestly and completely list his prior litigation may result in dismissal, a result Plaintiff already experienced in case number 3:10cv74.

At this point, Plaintiff will not be required to submit a second amended complaint in this Court because it is apparent that this case should be transferred to the Middle District of Florida.  Plaintiff's complaint is against two Defendants, both of whom are prison officials employed at the Reception and Medical Center in Lake Butler, Florida.  Doc. 7.  The events at issue in this case allegedly took place at that institution.

---

[1] The report and recommendation entered by United States Magistrate Judge Charles Kahn provides a comprehensive review of Plaintiff's litigation history.  Doc. 82, case number 3:10cv74.  The report and recommendation details Plaintiff's prior cases, the type of case filed, and points to cases Plaintiff did not disclose.  *Id.*

Case No. 4:13cv575-RH/CAS

Because Lake Butler is located in the Middle District of Florida, as are each of the Defendants, the proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b) is in the United States District Court for the Middle District of Florida, Jacksonville Division.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought."  The Court may also raise the issue of defective venue *sua sponte*.  <u>Lipofsky v. New York State Workers Comp. Bd.</u>, 861 F.2d 1257, 1259 (11th Cir. 1988) (stating "a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue.")

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), the undersigned respectfully **RECOMMENDS** transfer of this action to the United States District Court for the Middle District of Florida, Jacksonville Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on December 5, 2013.

      S/    Charles A. Stampelos  
**CHARLES A. STAMPELOS**  
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**
**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**